IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE LEE DRONES, (TDCJ-CID #472216) | § § § | |
| Plaintiff, | § § § | |
| vs. | § | CIVIL ACTION H-11-1876 |
| CORA C. NIEVES, *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM ON DISMISSAL

Jesse Lee Drones, a Texas Department of Criminal Justice inmate, sued in May 2011, alleging civil rights violations resulting from a denial of due process. Drones, proceeding *pro se* and *in forma pauperis,* sues prison officials at the Robertson Unit, which is located in the Abilene Division of the United States District Court for the Northern District of Texas.

The threshold issue is whether Drones's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The court concludes that Drones's claims are barred and should be dismissed for the reasons stated below.

### I. Plaintiff's Allegations

In rambling pleadings, Drones complains of false disciplinary charges, denial of access to the courts, denial of adequate medical care, and retaliation. He further asserts that he was the subject of discrimination based on race. Drones asks this court to arrest and prosecute the defendants.

### II. Analysis

A prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious

or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

A national index reveals that Drones has filed forty-nine lawsuits, of which thirty were civil rights complaints and nineteen were petitions for a writ of habeas corpus relief. Before filing this action, Drones had at least three suits dismissed as frivolous. *Drones v. State Classification Committee,* 4:01-2741 (S.D. Tex.) (dismissed for failure to state a claim on January 31, 2002); *Drones v. Cockrell,* 4:01-2691 (S.D. Tex.) (dismissed for failure to state a claim on December 27, 2001); and *Drones v. Pipkin,* 4:00-0034 (S.D. Tex.) (dismissed as frivolous on February 6, 2001).

In the present case, Drones has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Drones is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

## III. Conclusion

Drones's motion to proceed as a pauper, (Docket Entry No. 2), is DENIED. The complaint is DISMISSED under 28 U.S.C. § 1915(g).[1] All pending motions are DENIED. Drones is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

    (1)    the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

---

[1] In *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's *in forma pauperis* appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

(2)   the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)   the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on ___May 23___, 2011.

                                      VANESSA D. GILMORE
                                      UNITED STATES DISTRICT JUDGE